IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:21-CR- 227<br>Judge Mazzant |
| JOSHUA EUGENE RAND (01)<br>NICHOLAS STUARD FLETCHER (02)<br>SAVON HYLAN SUMRALL (03)<br>MICHAEL NILLS ADELSON (04)<br>TERENCE MALIK MITCHELL (05)<br>DERRICK BRANDON ADAM BRODY (06)<br>ISSA OUEDRAOGO (07)<br>ANDRE EUGENE DALTON (08)<br>BRADEN LEE ROBINSON (09)<br>JACOB BERNARD RAND (10)<br>ALVIN LAMAR GAILS (11) | § § § § § § § § § § § § § | <br>FILED<br>AUG 12 2021<br>Clerk, U.S. District Court<br>Texas Eastern |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud in
violation of 18 U.S.C. § 1343)

**A.   Introduction**

At all times material to this Indictment:

1. The Home Depot, Inc. (Home Depot) was a home improvement retailer that operated a chain of retail stores throughout the United States and within the Eastern District of Texas.

2. Home Depot's processing of credit card payments caused the transmission of writings, signs, and signals by wire communications in interstate commerce.

**B.     The Conspiracy**

3. Beginning on or about a date unknown, but as early as August 21, 2019, and continuing until on or about a date unknown, but as late as October 14, 2020, in the Eastern District of Texas and elsewhere,

JOSHUA EUGENE RAND,<br>
NICHOLAS STUARD FLETCHER,<br>
SAVON HYLAN SUMRALL,<br>
MICHAEL NILLS ADELSON,<br>
TERENCE MALIK MITCHELL,<br>
DERRICK BRANDON ADAM BRODY,<br>
ISSA OUEDRAOGO,<br>
ANDRE EUGENE DALTON,<br>
BRADEN LEE ROBINSON,<br>
JACOB BERNARD RAND, and<br>
ALVIN LAMAR GAILS,

defendants, intentionally, knowingly, and willfully conspired, confederated, and agreed with each other and with other individuals known and unknown to the Grand Jury (co-conspirators) to devise a scheme and artifice to defraud Home Depot to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**C.     Manner and Means of the Conspiracy**

4. Defendants and their co-conspirators called Home Depot stores and placed purchase orders over the phone for roofing materials, windows, and other merchandise. Defendants and their co-conspirators paid for these phone orders with stolen credit card

numbers, thereby causing transmissions of writings, signs, and signals by means of wire communications in interstate commerce, in violation of Title 18, United States Code, Section 1343.

5. Sometimes Home Depot detected the fraudulent nature of these purchase orders and canceled them. But often, Defendants and their co-conspirators picked up these fraudulent orders from Home Depot retail locations across the United States, including from locations within the Eastern District of Texas.

6. The credit card companies often discovered the fraud after Defendants and their co-conspirators picked up the fraudulent purchase orders from Home Depot locations. Once discovered, the credit card companies charged back the fraudulent purchases, thereby causing a loss to Home Depot.

7. Additionally, Defendants and their co-conspirators placed purchase orders over the phone for Home Depot merchandise and paid for these phone orders with stolen credit card numbers, thereby causing transmissions of writings, signs, and signals by means of wire communications in interstate commerce. Defendants and their co-conspirators later returned this merchandise in exchange for Home Depot store credit, and then they purchased shingles and other roofing supplies with the store credit.

8. Defendants and their co-conspirators placed and attempted to place at least 184 fraudulent purchase orders, which caused a loss of at least $506,000 to Home Depot.

**D.     Overt Acts of the Conspiracy**

9.     On or about the following dates, in the Eastern District of Texas and elsewhere, Defendants and their co-conspirators committed and caused to be committed the following overt acts in furtherance of the conspiracy:

10.    Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $4,156.80 for the merchandise using a stolen credit card number. On August 21, 2019, **TERENCE MALIK MITCHELL** picked up the merchandise from a Home Depot store in Carrollton, Texas.

11.    Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $3,523.54 for the merchandise using a stolen credit card number. On October 27, 2019, **MICHAEL NILLS ADELSON** picked up the merchandise from a Home Depot store in Greenville, Texas.

12.    Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $3,814.29 for the merchandise using a stolen credit card number. On November 17, 2019, **ISSA OUEDRAOGO** picked up the merchandise from a Home Depot store in Paris, Texas. Before **OUEDRAOGO** picked up the merchandise, **NICHOLAS STUARD FLETCHER** sent **OUEDRAOGO** the Home Depot purchase order number and store address via text message.

13.    Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $2,847.59 for the merchandise using a stolen credit card number. On January 6, 2020, **JOSHUA EUGENE RAND** and **ANDRE EUGENE DALTON** picked

up the merchandise from a Home Depot store in Fort Collins, Colorado. **NICHOLAS STUARD FLETCHER** used fraudulent identification and a stolen credit card number to rent the box truck **JOSHUA EUGENE RAND** and **DALTON** used to pick up the merchandise.

14. Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $3,204.31 for the merchandise using a stolen credit card number. On January 14, 2020, **ANDRE EUGENE DALTON** picked up the merchandise from a Home Depot store in San Antonio, Texas. Before **DALTON** picked up the merchandise, **JOSHUA EUGENE RAND** sent **DALTON** the Home Depot purchase order number and store address via text message.

15. Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $4,107.80 for the merchandise using a stolen credit card number. On February 11, 2020, **BRADEN LEE ROBINSON** picked up the merchandise from a Home Depot store in Longview, Texas. Before **ROBINSON** picked up the merchandise, **FLETCHER** sent **ROBINSON** the Home Depot purchase order number via text message.

16. Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $1,934.62 for the merchandise using a stolen credit card number. On February 17, 2020, **JACOB BERNARD RAND** picked up the merchandise from a Home Depot store in Shreveport, Louisiana. Before **JACOB BERNARD RAND** picked

up the merchandise, **JOSHUA EUGENE RAND** sent **JACOB BERNARD RAND** the Home Depot purchase order number and store address via text message.

17. Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $2,130.46 for the merchandise using a stolen credit card number. On February 19, 2020, **DERRICK BRANDON ADAM BRODY** picked up the merchandise from a Home Depot store in Mt. Pleasant, Texas. Before **BRODY** picked up the merchandise, **JOSHUA EUGENE RAND** sent **BRODY** the Home Depot purchase order number and store address via text message.

18. Defendants and their co-conspirators phoned in a purchase order for windows and paid $2,091.39 for the merchandise using a stolen credit card number. On February 23, 2020, **SAVON HYLAN SUMRALL** picked up the merchandise from a Home Depot store in Round Rock, Texas. Before **SUMRALL** picked up the merchandise, **JOSHUA EUGENE RAND** sent **SUMRALL** the Home Depot purchase order number and store address via text message.

19. Defendants and their co-conspirators phoned in a purchase order for roofing shingles and paid $2,858.82 for the merchandise using a stolen credit card number. On June 25, 2020, **ANDRE EUGENE DALTON** attempted to pick up the merchandise from a Home Depot store in Tyler, Texas. But before **DALTON** picked up the merchandise, Home Depot cancelled the order because it suspected the order was fraudulent.

20. On September 28, 2020, **ALVIN LAMAR GAILS** attempted to purchase roofing shingles and other roofing materials from a Home Depot store in Lancaster, Texas, using Home Depot store credit obtained from the return of merchandise purchased with a stolen credit card number.

21. Defendants' co-conspirators phoned in a purchase order for merchandise and paid $2,049.49 for the merchandise using a stolen credit card number. On October 14, 2020, Defendants' co-conspirators picked up the merchandise from a Home Depot store in Denver, Colorado.

All in violation of Title 18, United States Code, Section 1349.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

As the result of committing the offense alleged in this Indictment, Defendants shall forfeit to the United States:

Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense, including, but not limited to, the following:

### Cash Proceeds

A money judgment in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from,

proceeds obtained directly or indirectly, as the result of the offense alleged in this Indictment.

### Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of Defendants-

- (a) cannot be located upon the exercise of due diligence;
- (b) has been transferred or sold to, or deposited with a third person;
- (c) has been placed beyond the jurisdiction of the court;
- (d) has been substantially diminished in value; or
- (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of Defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by Defendants.

By virtue of the commission of the offense alleged in this Indictment, any and all interest Defendants have in the above-described property is vested in and forfeited to the United States.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

_____          8-12-2021
SEAN J. TAYLOR                              Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:21-CR- Judge |
| JOSHUA EUGENE RAND (01) NICHOLAS STUARD FLETCHER (02) SAVON HYLAN SUMRALL (03) MICHAEL NILLS ADELSON (04) TERENCE MALIK MITCHELL (05) DERRICK BRANDON ADAM BRODY (06) ISSA OUEDRAOGO (07) ANDRE EUGENE DALTON (08) BRADEN LEE ROBINSON (09) JACOB BERNARD RAND (10) ALVIN LAMAR GAILS (11) | § § § § § § § § § § § | |

## NOTICE OF PENALTY

### Count One

Violation: 18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)

Penalty: A fine of $250,000, or twice the pecuniary gain to the defendant or loss of the victim(s), whichever is greater; imprisonment for not more than 20 years; and a term of supervised release of not more than 3 years.

Special Assessment: $100.00